IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DEBRA CASTEEL, individually and on behalf of all others similarly situated, | CASE NO. _____ |
| Plaintiff, | |
| v. | CLASS-ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL |
| STATE AUTO PROPERTY AND CASUALTY INSURANCE COMPANY, | |
| Defendant. | |

## **CLASS ACTION COMPLAINT FOR DAMAGES**

Plaintiff, Debra Casteel, individually and on behalf of all others similarly situated, files this Class Action Complaint against State Auto Property and Casualty Insurance Company ("State Auto" or "Defendant") and in support states as follows:

## **NATURE OF THE ACTION**

1. This is a class action lawsuit by Plaintiff Debra Casteel who was the named insured under a State Auto automobile policy for private passenger auto physical damage, pursuant to which Defendant was required to pay the applicable sales tax for a damaged or stolen vehicle as part of a payment of loss.

2. Insureds, such as Plaintiff and the putative Class Members, pay a premium in exchange for State Auto's promises under its automobile policy.

3. Nevertheless, State Auto failed to include sales tax in making its loss payment to Class Members in breach of its clear policy promise.

4. This lawsuit is brought by Plaintiff individually and on behalf of all other similarly situated insureds who suffered damages due to State Auto's failure to pay sales tax.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action under 28 U.S.C. § 1332(d)(2) because (a) Plaintiff is a member of the putative class, which consists of at least 100 members; (b) Plaintiff is a Michigan citizen and Defendant is an Ohio citizen; and (c) the amount-in-controversy exceeds the sum of $5 million exclusive of interest and costs.

6. Venue is proper in this Court because Defendant is subject to personal jurisdiction here.

## THE PARTIES

7. At all times material hereto, Plaintiff Debra Casteel is and was a citizen of the State of Michigan and domiciled in Wexford County, Michigan.

8. At all times material hereto, Defendant is and was a corporation located in the State of Ohio and authorized to transact insurance in the State of Ohio and conducting a substantial part of its business in Franklin County. Defendant's principal place of business and headquarters are both located in the State of Ohio.

## STATE AUTO POLICY

9. The Form Policy issued by State Auto to the Plaintiff and all putative class members are virtually identical in all material respects. Affixed hereto is the Policy Form issued to Ms. Casteel (the "Policy"). The terms therein are applicable and identical to the terms applicable to Ms. Casteel and all putative class members. *See* **Exhibit A.**

10. In its standardized Policy, Defendant promises to pay for "direct and accidental loss" to a covered auto. *Id*. at 8.

11. In the event that an insured's covered auto sustains loss, Defendant explains, in its "Payment of Loss" section, "[w]e may pay for loss in money, or we may repair or replace the damaged or stolen property." *Id.* at 10.

12. Defendant further promises "[i]f we pay for loss in money, our payment will include the applicable sales tax for the damaged or stolen property." *Id.*

## PLAINTIFF DEBRA CASTEEL'S ACCIDENT

13. At all times material hereto, Plaintiff insured a 2020 Nissan Rogue under the Policy issued by State Auto.

14. On or about October 9, 2021, the insured vehicle sustained loss or damage, after which Plaintiff filed a claim for property damage with State Auto.

15. Following the filing of said claim, Defendant determined that the vehicle was a total loss with a base vehicle value and an adjusted vehicle value of $27,017.00. Exh. B (Valuation Report).

16. State Auto calculates the base and adjusted value through a third-party vendor ("CCC"), which bases vehicle valuations on the cost to purchase similar vehicles with similar conditions and mileage. First, CCC identifies the underlying value of comparable vehicles, from which it adjusts based on any differences in mileage, trim, options, *etc. See* Exh. B.

17. State Auto paid only the adjusted vehicle value of $27,017.00. By failing to include sales tax in making payment for the loss, State Auto breached its contract with Plaintiff. Exh. C (Settlement Letter).

18. Nothing in the Policy unambiguously excludes sales tax or contradicts Defendant's promise to pay sales tax where it pays for the loss in money. To the extent the applicable limitation on liability is the vehicle's actual cash value, such limitation does not operate to exclude or subvert

3

Defendant's explicit and unambiguous promise to include payment for sales tax in its loss payments.

19. Similarly, State Auto failed to pay sales tax to all members of the Class, defined below, and thus breached its contract with all such Class Members.

## CLASS ALLEGATIONS

20. Pursuant to Fed. R. Civ. P. 23, Plaintiff brings this action as representative of the Class defined as follows:

> All nationwide insureds under a policy issued by State Auto covering a vehicle with private-passenger auto physical damage coverage for comprehensive or collision loss, who, within the time-period of eight years prior to the filing of this lawsuit through the date of the certification Order, submitted a first-party property damage claim determined by State Auto to constitute a covered loss claim and where the loss claim payment did not include sales tax where their policy promised to pay the applicable sales tax for the damaged or stolen property.

21. Excluded from the Class are Defendant and its affiliates, parents, and subsidiaries, officers and employees, governmental entities, the judge to whom this case is assigned, and the judge's court staff and immediate family.

22. **Numerosity**: Although the precise number of Class Members is unknown to Plaintiff at this time and can only be determined through appropriate discovery, Plaintiff believes that because Defendant is one of the largest motor vehicle insurers in the State of Ohio and wrote hundreds of millions of dollars of private-passenger physical damage coverage premiums during the relevant time period, the Class of persons affected by Defendant's unlawful practice consists of thousands of individuals or the Class of persons affected are otherwise so numerous that joinder of all Class Members is impractical, and likely numbers in the tens of thousands. The unlawful practice alleged herein is a standardized and uniform practice, employed by Defendant pursuant

to standardized insurance policy language, and results in the retention by Defendant of insurance benefits and monies properly owed to Plaintiff and the Class Members. Thus, numerosity within the meaning of Fed. R. Civ. P. 23(a)(1) is established.

23. **Commonality**: The following common questions of law and fact exist, which are susceptible to common answers:

   a. whether Defendant's contractual agreement to pay sales tax in the event of total loss obligated it to pay sales tax to Plaintiff and the other Class Members;

   b. whether Defendant has breached its insurance contracts with Plaintiff and the Class Members by failing to include sales tax as part of the payment of loss.

24. **Typicality**: Plaintiff's claims and defenses are typical of the Class members' claims. Defendant injured Plaintiff and Class Members through uniform misconduct and Plaintiff's legal claims arise from the same core practices—namely, whether sales tax should be paid as part of a payment of loss under the Policy. Plaintiff's and Class Members' claims are based upon the same legal theories. Plaintiff suffered the same harm as all Class Members: unpaid sales tax, due under their Policies.

25. **Adequacy**: Plaintiff is an adequate Class Representative because her interests do not conflict with Class Members' interests, and she will fairly and adequately protect these interests. Plaintiff's counsel are experienced in litigating consumer class actions and complex litigation and have specific experience successfully litigating similar disputes as Class counsel.

26. **Predominance**: The issues common to the Class Members predominate over individual issues (if any) within the meaning of Fed. R. Civ. P. 23(b)(3). The common issues articulated herein are not only the central issues to this litigation, they are virtually the only issues relevant to this litigation. Any individual issues are a product only of the fact that the value of

vehicles varies – because sales tax is a percentage of underlying value, the amount of sales tax varies. However, any variance is resolved by a ministerial and mechanical application of uniform rates imposed by the State of Ohio and is independent from any question concerning the merits of the claim. Quite frankly, there are no relevant individual questions important to this litigation.

27. **Superiority**: Moreover, Class treatment is superior to any other treatment within the meaning of Fed. R. Civ. P. 23(b)(3). Class treatment provides for a fair and efficient adjudication of the controversy because it is desirable to concentrate the litigation of the Class Members' claims in one forum, as it will conserve party and judicial resources and facilitate consistent adjudication. Furthermore, because the damages suffered by individual Class Members is relatively small, their interests in maintaining separate actions is questionable and the expense and burden of individual litigation makes it impracticable for Class Members to seek individual redress for the wrongs done to them. Plaintiff knows of no difficulty that would be encountered in the management of this case that would preclude its maintenance as a class action.

28. The issues related to Plaintiff's claims do not vary from the issues relating to the claims of the other members of the Class such that a class action provides a more efficient vehicle to resolve this claim than through a myriad of separate lawsuits.

29. The relevant Policy provisions for each Class Member are the same. The relevant law relating to the interpretation and application of those Policy provisions for each Class Member is the same. There is the potential for inconsistent or varying adjudications concerning individual Class Members. Allowing the issues to be adjudicated in a piecemeal fashion likely would result in certain Class Members who are not parties to individual adjudications having their rights impaired or impeded without notice or adequate representation.

30. Defendant's breach of Policy provisions requiring them to pay sales tax on total-loss claims is a continuing breach and violation of Policy terms.

## COUNT I: BREACH OF CONTRACT

31. Paragraphs 1 through 30 are hereby incorporated by reference.

32. This count is brought by Plaintiff Debra Casteel individually and on behalf of the Class Members.

33. Plaintiff was party to an insurance contract with State Auto as set forth herein. All Class Members were parties to an insurance contract with State Auto containing materially-identical terms. Plaintiff and members of the Class satisfied all conditions precedent.

34. Plaintiff and all Class Members made a claim determined by State Auto to be a first-party loss under the insurance policy and determined by State Auto to be a covered claim.

35. Upon the loss to the insured vehicles, Plaintiff and every Class Member were owed the sales tax as part of their loss payment. Nevertheless, Defendant failed to include sales tax in making the loss claim payments.

36. By failing to include sales tax in the loss claim payments, Defendant breached its contract with Plaintiff and with each respective Class Member.

37. As a result, Plaintiff and all A Class Members were damaged, and are entitled to damages in the amount of the Sales Tax, less any amount in sales tax already paid (if any), along with prejudgment interest, post-judgment interest, costs, and attorneys' fees allowable by law.

## RELIEF REQUESTED

WHEREFORE, Plaintiff Debra Casteel, individually and on behalf of the Class Members, demand a trial by jury on all triable issues and seek relief and judgment as follows:

- For an Order certifying this action as a Class Action on behalf of the Class described above;

- For an award of compensatory damages for the Class in amounts owed under the Policies;

- For all other damages according to proof;

- For an award of attorney's fees and expenses as appropriate pursuant to applicable law;

- For costs of suit incurred herein;

- For pre and post-judgment interest on any amounts awarded; and

- For injunctive and other further forms of relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Dated: December 21, 2021

Respectfully submitted,

/s/ Andrew Shamis
**SHAMIS & GENTILE**
Andrew J. Shamis
FBN: 101754
ashamis@shamisgentile.com
14 NE 1st Avenue, Suite 705
Miami, FL, 33132
305.479.2299

**DAPEER LAW, P.A.**
Rachel Dapeer*
FBN: 108039
rachel@dapeer.com
20900 NE 30th Ave., Suite 417
Aventura, FL 33180
Telephone: 305-610-5223

8

**EDELSBERG LAW, P.A.**
Scott Edelsberg, Esq.*
FBN: 0100537
scott@edelsberglaw.com
20900 NE 30th Ave., Suite 417
Aventura, FL 33180

*Counsel for Plaintiff*
*pro hac vice to be filed*