IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **CARRIE ANDREWS,** *individually* :<br>*and on behalf of others similarly situated* :<br>  :<br>**Plaintiff,** :<br>  :<br>v. :<br>  :<br>**STATE AUTO MUTUAL** :<br>**INSURANCE COMPANY** :<br>  :<br>**Defendant.** : | **CASE NO. 2:21-cv-05867**<br>**Chief Judge Algenon L. Marbley**<br>**Magistrate Judge Chelsey M. Vascura** |

**OPINION & ORDER**

This matter is before this Court on Plaintiff's Unopposed Motion for Preliminary Approval of Settlement. (ECF No. 42). For the reasons that follow, this Court **GRANTS** Plaintiff's Motion. (ECF No. 42). This Court will retain jurisdiction over the settlement agreement. A fairness hearing to determine final approval of the Settlement will be held before the Honorable Algenon L. Marbley on **October 5, 2023 at 9:30 a.m**. at the United States District Court, 85 Marconi Boulevard, Courtroom 1, Room 331, Columbus, Ohio 43215.

**I.    BACKGROUND**

Plaintiff Carrie Andrews was insured under Defendant State Auto's automobile Form Policies for private passenger auto damage. (ECF No. 41, ¶ 1). Plaintiff's policy states that Defendant will cover "direct and accidental loss" for an insured vehicle. (ECF No. 12-1 at 8). For payment of loss, the Defendant "may pay for loss in money or repair or replace the damaged or stolen property." (*Id.* at 10). The policy also states, "[i]f we pay for loss in money, our payment will include the applicable sales tax for the damaged or stolen property." (*Id.*).

1

At the relevant time, Andrews insured a 2014 Ford Focus under Defendant's insurance policy. (ECF No. 41, ¶ 14). On January 23, 2019, the insured vehicle sustained loss or damage, and Plaintiff filed a claim for property damage with Defendant. (*Id.*, ¶ 15). Defendant determined that Andrew's vehicle was a total loss and carried a base value of $9,496 and an adjusted value of $10,156 based on a base and adjusted vehicle valuation calculation comparing the vehicle to those of similar condition and mileage. (*Id.*, ¶¶ 16–17). Defendant paid Plaintiff Andrews a total of $9,656 based on the base vehicle value with a condition adjustment and reduction for the deductible but failed to pay any sales tax. (*Id.*, ¶ 18).

On February 24, 2023, Mediator David Shouvlin notified this Court that this matter was settled. (ECF No. 34). The parties were given until April 17, 2023 to file a Motion for Preliminary Approval of Class Settlement. (ECF No. 40). The Third Amended Complaint for this action, reflecting the current Plaintiff, was filed on April 12, 2023. (ECF No. 41). The Complaint reflects a breach of contract claim, alleging that the policy provisions require Defendant to pay sales tax on total loss cash claims. (*Id.*, ¶ 31). Conversely, Defendant argues that it does not owe sales tax on total loss cash payments unless the insured submits proof of replacement. (ECF No. 42-2, ¶14). On February 17, 2023, with the consent of Defendant, Plaintiff filed the Unopposed Motion for Preliminary Approval of Class Action Settlement at issue here. (ECF No. 42).

## II. ANALYSIS

Pursuant to the Proposed Settlement, the Settlement Class is defined as:

All Insureds, under any Ohio, Illinois, and Missouri personal automobile insurance policy issued by State Auto and its subsidiaries or related insurance companies with the same operative policy language covering a vehicle with auto physical damage coverage for comprehensive or collision loss, who made a first-party claim, which State Auto paid as a total loss, and whose claim was adjusted within the Class

2

Period,[1] who do not timely opt out from the Settlement Class (the "Settlement Class Members").

(ECF No. 42 at 4–5). The parties have agreed that Defendant will pay Settlement Class members who submit a valid and timely claim a payment of the calculated sales tax of the average local and state sales tax rate based on the garage location, or the average rate for the state, whichever is administratively feasible. (*Id.* at 2). Defendant also agrees to pay such sales tax on total loss vehicles at the time of loss based on the Adjusted Vehicle Value of the loss vehicle, without the policyholder providing proof that the policyholder purchased a replacement vehicle and without regard to whether the loss vehicle was leased or owned. (*Id.*). In exchange, class members agree to release Defendant from claims related to the action. (ECF No. 42-1, ¶¶ 98–99). Defendant also agrees to: (1) paying the cost of notice and settlement administration; (2) attorneys' fees up to $900,000; (3) mediation costs; and (4) a class representative award of up to $5,000, if approved by this Court. (ECF No. 42-1, ¶ 77). Based on discovery, the parties estimate the approximate total compensable damages secured through settlement to be $5.4 million. (ECF No. 42 at 3).

The Settlement sets forth a robust Notice Plan, which includes notifying Class Members by direct mail and twice by email, with provisions to ensure any class member with a change of address is located. (*Id.* at 12). The notice will inform members of the class of the opt-out deadline and the procedure by which to opt out of the class action settlement. (*Id.*).

Defendant State Auto may also elect to terminate this Agreement if more than 3% of the potential Class Members object to and/or opt out of the settlement or if the Named Plaintiff or a class member with an attorney-client relationship to Class Counsel objects or opts out. (ECF No. 42-1, ¶ 86). Finally, the parties agree that this Agreement does not constitute an admission by

---

[1] The Class Period for Ohio is the period commencing December 21, 2013 through September 1, 2022, and for Illinois and Missouri, the period commencing December 21, 2011 through September 1, 2022.

3

Defendant that its payment or nonpayment of Vehicle Sales Tax on any individual claim or on any of the Settlement Class members' claims was incorrect or improper. (*Id.*, ¶ 74).

For the reasons stated below, the Court finds the Settlement meets the considerations set forth in Federal Rule of Civil Procedure 23(e). Rule 23(e)(1) requires the parties to "provide the court with information sufficient to enable it to determine whether to give notice of the proposal to the class," which turns on a determination as to whether the Court will likely be able to approve the proposal under Rule 23(e)(2) and certify the class for purposes of judgment on the proposal. Fed. R. Civ. P. 23(e)(1). "The approval of a proposed settlement ordinarily involves a two-stage procedure. 'First, counsel submit the proposed terms of the settlement and the judge makes a preliminary fairness evaluation . . . . Once the judge is satisfied . . . and the results of the initial inquiry into the fairness, reasonableness, and adequacy of the settlement [is completed], notice of a final Rule 23(e) fairness hearing is given to the class members.'" *Olden v. LaFarge Corp.*, 472 F. Supp. 2d 922, 928 (E.D. Mich. 2007) (quoting Manual for Complex Litigation § 21.632–.633 (4th ed.)).

### A. Fairness, Reasonableness, and Adequacy of Settlement

Class action suits filed in federal court may only be settled with the court's approval. Fed. R. Civ. P. 23(e). District courts balance the following factors to determine whether the proposed settlement is "fair, reasonable, and adequate":

> (1) the risk of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery completed; (4) the likelihood of success on the merits; (5) the opinion of class counsel and representatives; (6) the reaction of absent class members; and (7) public interest in the settlement.

*Ostendorf v. Grange Indem. Ins. Co.*, No. 2:19-cv-1147, 2020 WL 5366380, at *2 (S.D. Ohio Sept. 8, 2020) (quoting *Vigna v. Emery Fed. Credit Union*, No. 1:15-cv-51, 2016 WL 7034237, at *3

4

(S.D. Ohio Dec. 2, 2016)). The court need not make an affirmative determination of each factor but, rather, should grant preliminary approval if "the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls with the range of possible approval." *Id.* (quoting *In re Telectronics Pacing Sys.*, 137 F. Supp. 2d 985, 1015 (S.D. Ohio 2001)).

The Court finds that Plaintiff has adequately demonstrated the proposed Settlement is fair, reasonable, and adequate. Plaintiff maintains that the negotiations were conducted at arm's length and this Court finds there is no reason to believe the settlement involves collusion. (ECF No. 42 at 8–10). The Settlement treats potential class members equally, and distributes proceeds based on the amount of their individual claims and does not place a cap on liability. (*Id.* at 10–11, 15). Further, the Settlement makes available to the class 100% of damages that could have been secured from a judgment in Plaintiff's favor. (*Id.* at 11). Counsel for both parties believe the proposed settlement is fair, reasonable, and adequate. Class counsel represents to this Court that they are experienced in class action litigation and have conducted the necessary discovery to confirm the number of potential damages. (ECF No. 42-2). The Court gives weight to the judgment of experienced counsel that the settlement is in the best interests of the class. *See Kritzer v. Safelite Solutions, LLC*, No. 2:10-cv-729, 2012 WL 1945144, at *7 (S.D. Ohio May 30, 2012). Further, the attorneys' fees will not impact the substantive settlement payments to class members because Defendant has agreed to pay separately attorneys' fees and costs. (ECF No. 42 at 12).

This Court has noted that "[m]ost class actions are inherently complex and settlement avoids the costs, delays, and multitude of other problems associated with them." *In re Telectronics Pacing Systems, Inc.*, 137 F. Supp. 2d at 1013 (quoting *In re Austrian and German Bank Holocaust*

5

*Litig.*, 80 F. Supp. 2d 164, 174 (S.D.N.Y. 2000)). As such, there is a "public interest favoring settlement . . . as the proposed settlement ends potentially long and protected litigation." *Kritzer*, 2012 WL 1945144, at *6 (citing *In re Broadwing, Inc. ERISA Litig.*, 252 F.R.D. 369, 369 (S.D. Ohio 2006). The Court therefore finds that Plaintiff has demonstrated the proposed Settlement appears to be fair, adequate, and reasonable and is likely to meet the final approval requirements of Rule 23(e)(2).

### B. Class Certification

Next, this Court evaluates whether it is likely to approve class certification. Pursuant to Federal Rule of Civil Procedure 23(a): "One or more members of a class may sue or be sued as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). Rule 23(b)(3) further requires that this Court "finds that the questions of law or fact common to class members predominate over any questions affecting individual members, and that the class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). This Court must evaluate whether the proposed settlement class meets the requirements of Rule 23(a) and (b)(3).

The proposed settlement meets the numerosity requirement of Rule 23(a)(1). The Sixth Circuit has recognized that, the "sheer number of potential litigants in a class, especially if it is more than several hundred, can be the only factor needed to satisfy Rule 23(a)(1)." *Bacon v. Honda of Am. Mfg., Inc.*, 370 F.3d 565, 570 (6th Cir. 2004); *see also Snelling v. ATC Healthcare Servs. Inc.*, No. 2:11-cv-983, 2012 WL 6042839, at *5 (S.D. Ohio Dec. 4, 2012) (Often, "a class of 40 or

more members is sufficient to meet the numerosity requirement."). While there is no strict numerical test, "substantial" numbers usually satisfy the numerosity requirement. *Daffin v. Ford Motor Co.*, 458 F.3d 549, 552 (6th Cir. 2006) (finding that a proposed class of thousands of individuals met the numerosity requirement). Plaintiff alleges that the proposed settlement group includes more than 7,406 members, which easily satisfies the numerosity requirement.

The second criterion of Rule 23(a) requires that the case present issues of law or fact common to the class. There "need only be one question common to the class, [but] that question must be a 'common issue the resolution of which will advance the litigation.'" *Alkire v. Irving*, 330 F.3d 802, 820 (6th Cir. 2003) (quoting *Sprague v. GMC*, 133 F.3d 388, 397 (6th Cir. 1998)); *see also Rikos v. Procter & Gamble Co.*, 799 F.3d 497, 505 (6th Cir. 2015) (explaining that the common question should yield a common answer for the class that relates to the actual theory of liability in the case). Here the central, dispositive question is "whether Defendant's Policy promise to include sales tax when making payment in money requires Defendant to pay sales tax without precondition or whether, instead, the total loss regulations govern and permit Defendant to condition payment of sales tax only upon proof of replacement" of the vehicle. (ECF No. 42 at 5). Resolution of this question results in class-wide resolution of claims. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 389–90 (2011). Therefore, the commonality requirement is met.

Likewise, this Court finds that the typicality and adequacy factors of Rule 23(a) are satisfied. Class members are likely to share claims and defenses with the named Plaintiff, as her allegations are typical of the claims affecting the larger class because they are insured under the same policy and allege that they were subject to the same practice. *Daffin v. Ford Motor Co.*, 458 F.3d 549, 552 (6th Cir. 2006). Further, the Named Plaintiff is an adequate representative party capable of fairly and adequately representing the interests of the class as a whole. Plaintiff has

demonstrated that she has common interests with the class members, and class counsel has provided evidence that they are qualified to represent the interest of the class.

Finally, this Court concludes that Plaintiff has demonstrated that common issues to the class predominate—that is, their claims for unpaid sales taxes on total loss claims by Defendant—and that Defendant's alleged systematic practice of failing to pay such taxes is best litigated in the class context as each plaintiff will, on average, receive less than $1,000 through the settlement. For these reasons, this Court finds it is likely to approve class certification at the final approval stage.

### C. Appointment of Class Counsel and Attorneys' Fees

The Court finds Plaintiff's counsel should be appointed as class counsel under Federal Rule of Civil Procedure 23(g), given that counsel have demonstrated they diligently investigated and litigated Plaintiff's claims, are experienced with similar class action litigation, and have been appointed class counsel in many class actions. (*See* ECF No. 42-2).

The parties have agreed that class counsel will be paid up to $900,000 in attorneys' fees upon approval by this Court. At the time of the submission of Plaintiff's Unopposed Motion for Preliminary Settlement Approval, class counsel had not calculated the amount of attorneys' fees in this case. That amount will be determined at the fairness hearing for final settlement approval.

### III.  CONCLUSION

For the reasons stated above, this Court **GRANTS** Plaintiff's Unopposed Motion for Preliminary Settlement Approval. (ECF No. 42). This Court has reviewed the proposed Notice Program, **APPROVES** the Notices for purposes of notifying the Settlement Class as to the Proposed Settlement, and **DIRECTS** the Settlement Administrator to effectuate Notice to the Settlement Class in accordance with the Notice Program and the following schedule:

|   | Action | Deadline |
|---|--------|----------|
| 1 | Defendant provides Claims Administrator name and current or last-known address and email address of each potential Settlement Class Member and the date of loss. | Sixty (60) days after entry of this Order |
| 2 | Deadline for Settlement Administrator to send mailed notice and email notice | Ninety (90) days after entry of this order |
| 3 | Deadline for Settlement Class Members to opt-out of the Agreement | Thirty (30) days prior to the Final Approval Hearing |
| 4 | Deadline for submission of Notice of Intent to object to agreement | Thirty (30) days prior to the Final Approval Hearing |
| 5 | Deadline for Class Counsel to file their Motion for Final Approval of the Settlement, application for attorneys' fees, costs and expenses, and for a service award for Plaintiff. | Twenty (20) days prior to the Final Approval Hearing. |
| 6 | Deadline for Settlement Administrator to file proof of completion of Notice, along with complete and accurate Opt-Out list | Ten (10) days before Final Approval Hearing |
| 7 | Final Approval Hearing | October 5, 2023 |

A fairness hearing to determine final approval of the Settlement will be held before the Honorable Algenon L. Marbley on October 5, 2023 at 9:30 a.m.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: May 22, 2023**